**William Madison YATES, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16621.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1971.

Bay, Hamilton, Renegar, & Lees, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Ray Naifeh, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

William Madison Yates, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Oklahoma County, Oklahoma to the offense of Grand Larceny and received a five (5) year suspended sentence on August 24, 1966. Said suspended sentence was ordered revoked on March 23, 1971, and from said order of revocation, a timely appeal has been perfected to this Court.

The first proposition asserts, "the Court erred in making the determination that the trial court has no discretion where the application to revoke a suspended sentence is based on a conviction occurring during the term of the suspended sentence." In ordering the suspended sentence revoked, the trial court stated:

"THE COURT: * * * There isn't any doubt in my mind that the law demands that this man's suspended sentence be revoked. There isn't any discretion about it.—

"Application to revoke suspended sentence is sustained per journal entry. Exceptions. I don't think I have any discretion in this matter at all, under all the circumstances. He will be remanded to the custody of the sheriff of Oklahoma County." (Page 2, Findings of the Court)

We have previously held that the revocation of a suspended sentence is a matter addressed to the sound judicial discretion of the trial court. In the instant case the evidence at the Revocation Hearing revealed that the defendant gave false information concerning the prior conviction in enlisting in the United States Army, that

the defendant left the State of Oklahoma without permission, that the defendant failed to make reports to the Oklahoma Probation Office, and that on April 14, 1967, the defendant entered a plea of guilty in the District Court of El Paso County, Texas, to the offense of Robbery and received a five (5) years sentence.

■ We are of the opinion that because of the multiple violations of the terms of the suspended sentence, that the trial court ascertained in its own mind that it did not have any discretion except to order the suspended sentence revoked. We certainly cannot hold that the trial court abused its discretion in revoking this suspended sentence.

■ The next proposition contends that the trial court erred in failing to allow the defendant to withdraw his purported plea of guilty, and that the Record clearly reflects that no plea was ever entered to the original charge. The defendant based this proposition on the summary of facts, wherein in Question 9 the Court asked, "What is your plea? 'Yes.'" The defendant concedes that taken as a whole that this was a typographical error on the part of the judge; however, defendant argues that whole judgment hinges on the question of the plea being entered as guilty rather than the phrase "Yes." It is apparent to this Court concerning the summary of facts as a whole, that the defendant with counsel knowingly entered a plea of guilty. The trial court's next question to the defendant was:

"Q Do you plea guilty of your own free will and for the sole reason that you are guilty, and you admit that you did the acts charged?

"A Yes.

"Q Have you been abused, mistreated or threatened by anyone to have you enter this plea?

"A No.

"Q Do you wish to enter your plea now and to be sentenced now without further time or delay?

"A Yes.

"Q Do you understand that you have a right to appeals from any judgment and sentence on written notice of appeal to be given within ten days from this date?

"A Yes."

It would further appear that during the Evidentiary Hearing conducted before the trial court the defendant readily admitted that he had pleaded guilty to the said crime:

"Q And did you enter a plea to that charge?

"A Yes, sir.

"Q And what sentence was given to you?

"A Five years suspended sentence.

"Q This is some sort of an application for a speedy trial. You had already plead guilty to the charge, hadn't you? You understand that?

"A Yes, sir."

We further observe that the defendant did not raise this issue until after the trial court entered the order revoking the suspended sentence. We, therefore, find this proposition without merit.

■ The final proposition asserts that the defendant should be given credit for the time served while he was on the suspended sentence. We are of the opinion that this proposition is patently frivolous. In Hansen v. Page, Okl.Cr., 440 P.2d 211 (1968), we stated:

"Petitioner, who received two-year suspended sentence in district court, and whose suspended sentence was subsequently revoked, was not entitled to credit for time that he remained free under suspended sentence prior to revocation thereof."

The order revoking suspended sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.